## CUMMINS *v.* BOYNE CITY TANNING CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE — RISKS ASSUMED—DEFECTIVE BELT.

   Whether defendant's servant, who was injured in oiling or adjusting a fan operated by a defective belt which caught his hand or wrist and forced it into the fan, knew of the defect alleged or not, was, under conflicting testimony, properly left to the jury to determine.

2. SAME—EVIDENCE OF NEGLIGENCE—DEFECTS IN MACHINERY.

   Plaintiff's testimony that defendant was using a canvas belt temporarily to operate the fan, and that the edge of the belt, being frayed, struck his hand so as to force it into the revolving fan, supported the verdict rendered in his favor.

3. NEW TRIAL — AFFIDAVIT — SUFFICIENCY OF SHOWING — DILIGENCE.

   On defendant's motion for a new trial the court rightly refused to set aside the verdict on the affidavit of the president and treasurer of defendant corporation that he expected to be able to show by a witness that plaintiff had given a different account of the manner in which he was injured, tending to relieve defendant of liability;

that he learned of the testimony after the trial and had not had sufficient time to procure an affidavit from the witness, whose sworn statement was not presented to the court nearly five months afterwards when the motion was argued.

Error to Charlevoix; Mayne, J. Submitted June 18, 1913. (Docket No. 54.) Decided September 30, 1913.

Case by Carl Cummins against the Boyne City Tanning Company for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. E. Converse (A. G. Urquhart, of counsel)*, for appellant.
*Hall, De Foe & Hall*, for appellee.

Plaintiff was employed as night fireman in the lower stokehole or fireroom of defendant's establishment. His duties were to take care of the fires and to oil the bearing of a fan which performed the office of taking foul air from the room. The fan was set in the cement wall of the room, was some 34 inches in diameter, and was operated by an electric motor. The motor and an attached pulley were in the stokehole, but the switch controlling the current of electricity was on the floor above, where there were other fire holes attended by other men. From the motor pulley to the fan pulley, a distance of 7 or 8 feet, a belt was used. Three braces described an arc from the wall and the casing of the fan and united to form the bearing of the fan axle; outside of these braces was the fan pulley, between which and the braces there was an oil or grease cup. Inside the braces and the bearing was another grease cup. Hard oil was used in the cups, and it was plaintiff's duty to keep the caps of these cups screwed down and, as required, to remove them and fill the cups with grease.

Plaintiff was unscrewing the cap of the cup next to the pulley, outside of the braces which in part covered the fan, when in some manner his right hand was placed or forced into the fan; the consequences being the loss of the hand.  He says his wrist was struck by the belt, the top of which was moving rapidly towards him, and his hand was by the blow forced into the fan.  There are flanges on the fan pulley to guide and keep the belt in place, and from the testimony it seems wholly improbable that a smooth and sound belt could have struck his hand or wrist while he was properly unscrewing the oil cup. It is claimed, however, and the testimony tends to prove, that the belt was one temporarily in use in place of a leather belt which had been some time before injured or destroyed; that it was a canvas belt, made up of several pieces laced together; that one edge of the belt was badly frayed and was raveling; that it was made of three plies or layers of canvas, the faces of which were glued together; and that the threads of the upper face or layer were broken and made flaps, which, as the belt went over the pulley, would probably be thrown out and away from the face of the belt.  In his declaration plaintiff counted upon a statute duty of defendant to guard the belt, but the court declined to submit the case upon this theory of the defendant's negligence and did submit the question of the negligence of defendant, also counted upon, in using the defective belt.  Defendant offered no testimony and, when plaintiff rested, moved the court for a peremptory instruction upon the grounds:

(1) That no negligence of defendant had been proven; (2) contributory negligence of plaintiff had been shown; (3) there was a safe way to oil the bearing (by stopping the motor) and plaintiff assumed the risks of the method he followed.

There was a verdict and judgment for the plain-

tiff, and a motion for a new trial was denied. One ground of the motion was newly discovered evidence for defendant, and one was that the verdict was against the weight of evidence. It is not contended, however, that the verdict is excessive if plaintiff is entitled to recover.

OSTRANDER, J. *(after stating the facts).* There are 15 assignments of error, some of which are substantially repeated in the brief for appellant, but otherwise none of them is specifically referred to therein. The brief for appellant does not comply with the rule of this court to which we have so many times called the attention of counsel, and in consequence we have had difficulty in applying the argument to the errors assigned. A reading of the record and briefs has not convinced us that reversible error was committed; mooted questions appearing to be answered by the record and by well-settled principles of law. That the belt in question was defective is not disputed.

Whether its condition was known to plaintiff so that he was cognizant of the danger resulting from its use in case he performed his duty of oiling the fan as he did was a question for the jury. That he performed, or attempted to perform, the duty of oiling the fan as he had always done, and as his superiors had always done, and as he had been instructed to do, is undisputed.

Excluding the idea that he had knowledge of the danger from the defective belt, and, in consequence, excluding the idea that he assumed the risk created by the use of the belt, the positive testimony that his wrist was hit by a portion of it, driving his hand into the fan, if it was believed, supports the verdict. We need not refer to the charge of the court because no portion of it is criticised in the brief. The verdict is not so clearly against the weight of evidence that we can disturb it on that account.

With the motion for a new trial defendant filed the affidavit of W. S. Shaw, president and treasurer of defendant, to the effect that upon a new trial he expected to be able to prove by one John Bilby, of Fremont, Mich., that five days after the day of the injury plaintiff told Bilby that he was injured in attempting to turn down the oil cup located on the inside of the braces which covered the fan; that this testimony was discovered after the trial, and that he could not present the affidavit of Bilby with the motion for the reason that he was not acquainted with the fact until the time had nearly elapsed for moving for a new trial; that he was prepared to file the said affidavit "during the pendency of this motion." The affidavit of Shaw was made April 30, 1912. The motion for a new trial was heard September 24, 1912, and was denied November 9, 1912. No affidavit of Bilby appears in the record, and we assume that no such affidavit was before the trial court. It does not appear that Bilby told Shaw that he would give the testimony indicated or that Shaw learned from Bilby the fact set out in the affidavit. Aside from other considerations, the showing lacks certainty and was for this reason insufficient to move the court to grant a new trial.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.